UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RYAN DANDOLPH,

    Plaintiff,

v.                                  CASE NO.:

PGA TOUR ENTERPRISES, LLC,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, RYAN DANDOLPH, by and through undersigned counsel, brings this action against Defendant, PGA TOUR ENTERPRISES, LLC and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.*, 42 U.S.C. § 1981 ("Section 1981"), and the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 *et seq.*

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 1981, and 42 U.S.C. § 2000e *et seq.*

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Duval County, Florida.

## PARTIES

4. Plaintiff is a resident of Duval County, Florida.

5. Defendant is a company located in Ponte Vedra Beach, in St. Johns County, Florida.

## GENERAL ALLEGATIONS

6. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Title VII and the FCRA.

7. At all times material hereto, Defendant employed fifteen (15) or more employees. Thus, Defendant is an "employer" within the meaning of Title VII and the FCRA.

8. Plaintiff is a member of a protected class of persons under Section 1981.

9. Plaintiff is an employee whose rights to contract for employment, and enjoy the benefits of employment, are protected under Section 1981.

10. Under Section 1981, Defendant is an employer prohibited from interfering with any employee's contractual right to enjoy the same benefits, privileges, terms, and conditions of employment that all other employees of Defendant otherwise enjoy, regardless of the employee's race and/or color.

11. Plaintiff has satisfied all conditions precedent, or they have been waived.

12. Plaintiff has hired the undersigned counsel and agreed to pay them a fee.

13. Plaintiff requests a jury trial for all issues so triable.

14. At all times material hereto, Defendant acted with malice and reckless disregard for Plaintiff's protected rights under Section 1981, Title VII, and the FCRA.

## FACTS

### *Plaintiff is a Protected Class Due to His Race and Sex*

15. Plaintiff is a White male.

16. Plaintiff is a member of a protected class due to race, and on account of his protected status, Plaintiff benefits from the protections of Title VII, the FCRA, and Section 1981.

17. Plaintiff is a member of a protected class due to sex, and on account of his protected status, Plaintiff benefits from the protections of Title VII and the FCRA.

### *Plaintiff was Qualified for His Employment Position with Defendant*

18. Plaintiff began working for Defendant in or around December 2023.

19. Plaintiff was qualified for his position with Defendant and performed his job duties in a satisfactory manner.

### *Plaintiff Suffered Adverse Employment Action*

20. During his tenure with Defendant, Plaintiff was subjected to disparate treatment on the basis of his race and sex.

21. In or around April 2024, Defendant's executive chef resigned and Defendant hired in a new chef, Jonathan Hernandez ("Chef Hernandez").

22. Plaintiff experienced discriminatory treatment from, both, Chef Hernandez and Defendant's General Manager, Derek Sprague.

23. Chef Hernandez routinely criticized Plaintiff, stating that Plaintiff was not "up to standards," despite Plaintiff's excellent performance in his position.

24. Chef Hernandez stated that "White guys don't know how to cook or season food," so Chef Hernandez wanted an "all-Hispanic kitchen."

25. Chef Hernandez would taste Plaintiff's food and remark, "this is actually well seasoned for a White guy."

26. Plaintiff was the only White employee in Defendant's kitchen.

27. Further, Chef Hernandez told Plaintiff that getting a vasectomy makes Plaintiff "less of a man" and made unwelcome jokes at Plaintiff's expense, about Plaintiff's sexual orientation.

28. For instance, Chef Hernandez would say, "if you can't do _____, then you are a fag."

29. In or around May 2024, when Plaintiff spoke to Chef Hernandez about Plaintiff's schedule, Chef Hernandez told Plaintiff, "you are too much of a fag to handle this" and that "real men can handle this."

30. Plaintiff objected to this discriminatory treatment of him, based on his sex and race.

31. Soon thereafter, Plaintiff received three write-ups in May 2024.

32. In or around June 2024, Plaintiff then complained to Defendant's Head of Talent and Culture about Chef Hernandez's treatment of Plaintiff,

4

including the discriminatory and retaliatory write-ups and the discriminatory comments toward Plaintiff, relating to his race and sex.

33. In retaliation, soon thereafter, Defendant informed Plaintiff that Plaintiff was actually being investigated into an alleged remark that Plaintiff had made to a female employee.

34. However, Defendant refused to provide Plaintiff with any details regarding this allegation.

35. In an effort to intimidate and retaliate against Plaintiff, Defendant's General Manager informed Plaintiff that this investigation would "not work out well for [Plaintiff]" and told Plaintiff that he needed to "man up."

36. Soon thereafter, on or around July 4, 2024, Defendant terminated Plaintiff's employment based on his race and sex, and in retaliation for engaging in protected activity.

37. Defendant offered an entirely pretextual reason relating to supposedly spoiled food.

## COUNT I – TITLE VII VIOLATION
### (RACE DISCRIMINATION)

38. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 11 through 16, 18 through 26, and 30 through 37 of this Complaint, as though fully set forth herein.

39. Plaintiff is a member of a protected class under Title VII, based on his race.

40. Plaintiff was subjected to disparate treatment on the basis of his race, Defendant failed to take remedial action when Plaintiff complained about the discrimination and retaliated against Plaintiff by terminating him after he engaged in protected activity.

41. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

42. Defendant's actions were willful and done with malice.

43. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) An injunction restraining continued violation of Title VII by Defendant;

d) Compensation for lost wages, benefits, and other remuneration;

e) Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

f) Any other compensatory damages, including emotional distress, allowable at law;

  g)  Punitive damages;

  h)  Prejudgment interest on all monetary recovery obtained.

  i)  All costs and attorney's fees incurred in prosecuting these claims; and

  j)  For such further relief as this Court deems just and equitable.

## COUNT II – TITLE VII VIOLATION
### (SEX DISCRIMINATION)

44. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 11 through 14, 17 through 23, and 27 through 37 of this Complaint, as though fully set forth herein.

45. Plaintiff is a member of a protected class under Title VII, based on his sex.

46. Plaintiff was subjected to disparate treatment on the basis of sex, including termination of his employment.

47. Defendant knew or should have known of the disparate treatment suffered by Plaintiff, and failed to intervene or to take prompt and effective remedial action in response.

48. Defendant's actions were willful and done with malice.

49. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

  a)  A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    An injunction restraining continued violation of Title VII by Defendant;

    d)    Compensation for lost wages, benefits, and other remuneration;

    e)    Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, or in the alternative, front pay;

    f)    Any other compensatory damages, including emotional distress, allowable at law;

    g)    Punitive damages;

    h)    Prejudgment interest on all monetary recovery obtained.

    i)    All costs and attorney's fees incurred in prosecuting these claims; and

    j)    For such further relief as this Court deems just and equitable.

## COUNT III – TITLE VII RETALIATION

50.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 11 through 16, 18 through 26, and 30 through 37 of this Complaint, as though fully set forth herein.

51.    Plaintiff is a member of a protected class under Title VII, based on his race and sex.

52. Plaintiff exercised or attempted to exercise his rights under Title VII, by complaining of disparate treatment based on race and sex, thereby engaging in protected activity under Title VII.

53. Defendant retaliated against Plaintiff for engaging in protected activity under Title VII by terminating Plaintiff's employment.

54. Defendant's actions were willful and done with malice.

55. In terminating Plaintiff's employment, Defendant took material adverse action against Plaintiff.

56. Plaintiff was injured due to Defendant's violations of Title VII, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) That this Court enter a declaratory judgment, stating that Defendant retaliated against Plaintiff for exercising his rights under Title VII;

d) That this Court enter an injunction restraining continued violation of Title VII by Defendant;

e) Compensation for lost wages, benefits, and other remuneration;

    f)     Reinstatement of Plaintiff to a position comparable to Plaintiff's prior position, with back pay plus interest, pension rights, seniority rights, and all fringe benefits;

    g)     Front pay;

    h)     Any other compensatory damages, including emotional distress, allowable at law;

    i)     Punitive damages;

    j)     Prejudgment interest on all monetary recovery obtained.

    k)     All costs and attorney's fees incurred in prosecuting these claims; and

    l)     For such further relief as this Court deems just and equitable.

### COUNT IV – FCRA VIOLATION
### (RACE DISCRIMINATION)

57. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 11 through 16, 18 through 26, and 30 through 37 of this Complaint, as though fully set forth herein.

58. Plaintiff is a member of a protected class under the FCRA, based on his race.

59. Plaintiff was subjected to disparate treatment by Defendant on the basis of his race, Defendant failed to take remedial action when Plaintiff complained about the discrimination and retaliated against him by terminating his employment after he engaged in protected activity.

60. Defendant's actions were willful and done with malice.

61. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

    a)     A jury trial on all issues so triable;

    b)     That process issue and that this Court take jurisdiction over the case;

    c)     Compensation for lost wages, benefits, and other remuneration;

    d)     Front pay;

    e)     Any other compensatory damages, including emotional distress, allowable at law;

    f)     Punitive damages;

    g)     Prejudgment interest on all monetary recovery obtained.

    h)     All costs and attorney's fees incurred in prosecuting these claims; and

    i)     For such further relief as this Court deems just and equitable.

### COUNT V – FCRA VIOLATION
### (SEX DISCRIMINATION)

62. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7, 11 through 14, 17 through 23, and 27 through 37 of this Complaint, as though fully set forth herein.

63. Plaintiff is a member of a protected class under the FCRA, based on her sex.

64. Plaintiff was subjected to disparate treatment by Defendant on the basis of her sex, including termination.

65. Defendant's actions were willful and done with malice.

66. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

 a) A jury trial on all issues so triable;

 b) That process issue and that this Court take jurisdiction over the case;

 c) Compensation for lost wages, benefits, and other remuneration;

 d) Front pay;

 e) Any other compensatory damages, including emotional distress, allowable at law;

 f) Punitive damages;

 g) Prejudgment interest on all monetary recovery obtained.

 h) All costs and attorney's fees incurred in prosecuting these claims; and

 i) For such further relief as this Court deems just and equitable.

## **COUNT VI – FCRA RETALIATION**

67. Plaintiff realleges and readopts the allegations of paragraphs 1 through 7 and 11 through 37 of this Complaint, as though fully set forth herein.

68. Plaintiff is a member of a protected class under the FCRA, based on her race, national origin, and sex.

69. Plaintiff engaged in protected activity under the FCRA by opposing Defendant's discrimination.

70. Defendant retaliated against Plaintiff for engaging in protected activity under the FCRA by terminating Plaintiff's employment.

71. Defendant's actions were willful and done with malice.

72. By terminating Plaintiff, Defendant took material adverse action against Plaintiff.

73. Plaintiff was injured due to Defendant's violations of the FCRA, for which Plaintiff is entitled to legal and injunctive relief.

*WHEREFORE*, Plaintiff demands:

    a)     A jury trial on all issues so triable;

    b)     That process issue and that this Court take jurisdiction over the case;

    c)     That this Court enter a declaratory judgment, stating that Defendant interfered with Plaintiff's rights under the FCRA;

    d)     Compensation for lost wages, benefits, and other remuneration;

e)  Reinstatement of Plaintiff to a position comparable to her prior position, with back pay plus interest, pension rights, and all benefits;

f)  Front pay;

g)  Any other compensatory damages, including emotional distress, allowable at law;

h)  Punitive damages;

i)  Prejudgment interest on all monetary recovery obtained.

j)  All costs and attorney's fees incurred in prosecuting these claims; and

k)  For such further relief as this Court deems just and equitable.

## COUNT VII – 42 U.S.C. § 1981 VIOLATION
## (RACE DISCRIMINATION)

74. Plaintiff realleges and readopts the allegations of paragraphs 1 through 5, 8 through 16, 18 through 26, and 30 through 37 of this Complaint, as though fully set forth herein.

75. Plaintiff is a member of a protected class of persons under Section 1981.

76. Plaintiff was subjected to disparate treatment by Defendant, based solely on Plaintiff's race.

77. The foregoing actions constitute unlawful discrimination, in violation of Section 1981.

78. Defendant's actions were willful and done with malice.

79. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

80. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

d) Compensatory damages, including emotional distress, allowable at law;

e) Punitive damages;

f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

g) Prejudgment interest on all monetary recovery obtained;

    h)    All costs and attorney's fees incurred in prosecuting these claims; and

    i)    For such further relief as this Court deems just and equitable.

## COUNT VIII — 42 U.S.C. § 1981 VIOLATION
## (RETALIATION)

81. Plaintiff realleges and readopts the allegations of paragraphs 1 through 5, 8 through 16, 18 through 26, and 30 through 37 of this Complaint, as though fully set forth herein.

82. Plaintiff is a member of a protected class of persons under Section 1981.

83. By complaining of racial discrimination in the workplace, Plaintiff engaged in protected activity under Section 1981.

84. Defendant retaliated against Plaintiff for engaging in protected activity under Section 1981 by terminating Plaintiff's employment.

85. Defendant's actions were willful and done with malice.

86. Defendant's retaliation was based solely on Plaintiff's exercise of his right to resist and oppose unlawful discrimination and harassment, which is protected under Section 1981.

87. As a direct and proximate result of Defendant's willful and reckless discrimination against Plaintiff, Plaintiff has suffered and will continue to experience pain and suffering, mental anguish, emotional distress, and loss of earnings and other employment benefits and job opportunities.

88. Plaintiff was injured due to Defendant's violations of Section 1981, for which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff demands:

a) A jury trial on all issues so triable;

b) That process issue and that this Court take jurisdiction over the case;

c) Judgment against Defendant, permanently enjoining Defendant from future violations of Section 1981, and remedying all lost income, raises, promotions, and other benefits of which Plaintiff was unlawfully deprived;

d) Compensatory damages, including emotional distress, allowable at law;

e) Punitive damages;

f) Reinstatement of Plaintiff to a position comparable to his prior position, or in the alternative, front pay;

g) Prejudgment interest on all monetary recovery obtained;

h) All costs and attorney's fees incurred in prosecuting these claims; and

i) For such further relief as this Court deems just and equitable.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury as to all issues so triable.

Dated this 15th day of October, 2025.

                                    Respectfully submitted,

                                    */s/ Brandon J. Hill*
                                    **BRANDON J. HILL**
                                    Florida Bar Number: 0037061
                                    Direct Dial: 813-337-7992
                                    **HANNAH E. DEBELLA**
                                    Florida Bar Number: 1026002
                                    **WENZEL FENTON CABASSA, P.A.**
                                    1110 N. Florida Avenue, Suite 300
                                    Tampa, Florida 33602
                                    Main Number: 813-224-0431
                                    Facsimile: 813-229-8712
                                    Email: bhill@wfclaw.com
                                    Email: aketelsen@wfclaw.com
                                    Email: hdebella@wfclaw.com
                                    **Counsel for Plaintiff**