UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RYAN DANDOLPH,[1]

    Plaintiff,

CASE NO.: 3:25-cv-01240-BJD-MCR

PGA TOUR ENTERPRISES, LLC,

    Defendant.
_____/

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

Defendant, PGA TOUR Enterprises, LLC, by counsel, submits the following Answer and Affirmative Defenses to Plaintiff's Complaint. Initially PGA TOUR Enterprises, LLC never employed Plaintiff and, is therefore, not an appropriate Defendant in this employment discrimination case. Rather, Plaintiff was employed by Tournament Players Club at Sawgrass LLC, ("TPC Sawgrass"), a subsidiary of PGA TOUR Holdings, LLC, which is a subsidiary of PGA TOUR Enterprises, LLC. Counsel for Defendant has asked counsel for Plaintiff to amend the Complaint to name TPC Sawgrass as the correct Defendant.

---

[1] TPC Sawgrass never employed "Ryan Dandolf". Defendant's counsel has asked Plaintiff's counsel to amend the Complaint to identify former TPC Sawgrass employee Ryan Randolph (hereafter referred to as "Plaintiff") as the correct Plaintiff.

**PLAINTIFF'S ALLEGATIONS REGARDING JURISDICTION AND VENUE**

1. TPC Sawgrass admits that Plaintiff seeks damages for alleged violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, ("Title VII"), 42 U.S.C.§ 1981 ("Section 1981"), and the Florida Civil Rights Act of 1992, Fla. Stat. 760.01 *et seq* ("FCRA"). TPC Sawgrass denies that Plaintiff is entitled to any relief whatsoever.

2. TPC Sawgrass admits that this Court has subject matter jurisdiction over Plaintiff's claims.

3. TPC Sawgrass admits that venue is proper in the Middle District of Florida.

**PLAINTIFF'S ALLEGATIONS REGARDING THE PARTIES**

4. Upon information and belief, TPC Sawgrass admits that Plaintiff is a resident of Duval County, Florida.

5. TPC Sawgrass admits being located in Ponte Vedra Beach, St. Johns County, Florida.

**PLANTIFF'S GENERAL ALLEGATIONS**

6. TPC Sawgrass admits employing Plaintiff. The remaining allegations in Paragraph 6 state only legal conclusions requiring no response.

7. TPC Sawgrass admits employing 15 or more employees. The remaining allegations in Paragraph 7 state only legal conclusions requiring no response.

8. The allegation in Paragraph 8 states only legal conclusion requiring no response.

9. TPC Sawgrass admits that Plaintiff is a former employee. The remaining allegations in Paragraph 9 are legal conclusions requiring no response.

10. The allegations in Paragraph 10 are legal conclusions requiring no response.

11. TPC Sawgrass denies the allegations contained in Paragraph 11 of the Complaint.

12. TPC Sawgrass lacks sufficient information to admit or deny, and therefore denies, the allegations in Paragraph 12.

13. TPC Sawgrass admits that Plaintiff requests a jury trial. TPC Sawgrass denies that Plaintiff is entitled to a jury trial, and further denies that Plaintiff is entitled to any relief whatsoever.

14. TPC Sawgrass denies the allegations in Paragraph 14.

## PLAINTIFF'S ALLEGED FACTS

15. Upon information and belief, TPC Sawgrass admits the allegation in Paragraph 15.

16. The allegations in Paragraph 16 are legal conclusions requiring no response.

17. The allegations in Paragraph 17 are legal conclusions requiring no response.

18. TPC Sawgrass admits the allegations in Paragraph 18.

19. TPC Sawgrass denies the allegations in Paragraph 19.

20. TPC Sawgrass denies the allegations in Paragraph 20.

21. TPC Sawgrass admits it hired Jonathan Hernandez Reyes as executive chef in or around April 2024.

22. TPC Sawgrass denies the allegations in Paragraph 22.

23. TPC Sawgrass denies the allegations in Paragraph 23.

24. TPC Sawgrass denies the allegations in Paragraph 24.

25. TPC Sawgrass denies the allegations in Paragraph 25.

26. TPC Sawgrass denies the allegations in Paragraph 26.

27. TPC Sawgrass denies the allegations in Paragraph 27.

28. TPC Sawgrass denies the allegations in Paragraph 28.

29. TPC Sawgrass denies the allegations in Paragraph 29.

30. TPC Sawgrass denies the allegations in Paragraph 30.

31. TPC Sawgrass admits it issued Plaintiff two documented coachings and one written corrective action in May 2024 due to Plaintiff's failure to meet job expectations.

32. TPC Sawgrass denies the allegations in Paragraph 32.

33. TPC Sawgrass denies the allegations in Paragraph 33.

34. TPC Sawgrass denies the allegations in Paragraph 34.

35. TPC Sawgrass denies the allegations in Paragraph 35.

36. TPC Sawgrass admits terminating Plaintiffs employment in July of 2024. TPC Sawgrass denies the remaining allegations in Paragraph 36.

37. TPC Sawgrass denies the allegations in Paragraph 37.

**COUNT I – PLAINTIFF'S TITLE VII RACE DISCRIMINATION CLAIM**

38. TPC Sawgrass incorporates herein the responses to Plaintiff's allegations set forth above.

39. The allegation in Paragraph 39 is a legal conclusion requiring no response.

40. TPC Sawgrass denies the allegations in Paragraph 40.

41. TPC Sawgrass denies the allegations in Paragraph 41.

42. TPC Sawgrass denies the allegations in Paragraph 42.

43. TPC Sawgrass denies the allegations in Paragraph 43.

TPC Sawgrass denies that Plaintiff is entitled to any of the relief sought in the WHEREFORE clause following Paragraph 43, and further denies that Plaintiff is entitled to any relief whatsoever.

## COUNT II – PLAINTIFF'S TITLE VII SEX DISCRIMINATION CLAIM

44. TPC Sawgrass incorporates herein the responses to Plaintiff's allegations set forth above.

45. The allegation in Paragraph 45 is a legal conclusion requiring no response.

46. TPC Sawgrass denies the allegations in Paragraph 46.

47. TPC Sawgrass denies the allegations in Paragraph 47.

48. TPC Sawgrass denies the allegations in Paragraph 48.

49. TPC Sawgrass denies the allegations in Paragraph 49.

TPC Sawgrass denies that Plaintiff is entitled to any of the relief sought in the WHEREFORE clause following Paragraph 49, and further denies that Plaintiff is entitled to any relief whatsoever.

## COUNT III – PLAINTIFF'S TITLE VII CLAIM

50. TPC Sawgrass incorporates herein the responses to Plaintiff's allegations set forth above.

51. The allegation in Paragraph 51 is a legal conclusion requiring no response.

52. TPC Sawgrass denies the allegations in Paragraph 52.

53. TPC Sawgrass denies the allegations in Paragraph 53.

54. TPC Sawgrass denies the allegations in Paragraph 54.

55. TPC Sawgrass admits terminating Plaintiff's employment. The remaining allegation in Plaintiff's 55 is a legal conclusion requiring no response.

56. TPC Sawgrass denies the allegations in Paragraph 56.

TPC Sawgrass denies that Plaintiff is entitled to any of the relief sought in WHEREFORE clause following Paragraph 56 of the Complaint and further denies that Plaintiff is entitled to any relief sought whatsoever.

## COUNT IV – PLAINTIFF'S FCRA RACE DISCRIMINATION CLAIM

57. TPC Sawgrass incorporates herein the responses to set forth above.

58. The allegation in Paragraph 58 is a legal conclusion requiring no response.

59. TPC Sawgrass denies the allegations in Paragraph 59.

60. TPC Sawgrass denies the allegations in Paragraph 60.

61. TPC Sawgrass denies the allegations in Paragraph 61.

TPC Sawgrass denies that Plaintiff is entitled to any of the relief sought in WHEREFORE clause following Paragraph 61 of the Complaint, and further denies that Plaintiff is entitled to any relief whatsoever.

### COUNT V – PLAINTIFF'S FCRA SEX DISCRIMINATION CLAIM

62. TPC Sawgrass incorporates herein the responses set forth above.

63. The allegation in Paragraph 63 is a legal conclusion requiring no response. TPC Sawgrass denies that Plaintiff is female.

64. TPC Sawgrass denies that Plaintiff is female. TPC Sawgrass denies the remaining allegations in Paragraph 64.

65. TPC Sawgrass denies the allegations in Paragraph 65.

66. TPC Sawgrass denies the allegations in Paragraph 66.

TPC Sawgrass denies that Plaintiff is entitled to any of the relief sought in WHEREFORE clause following Paragraph 66 of the Complaint, and further denies that Plaintiff is entitled to any relief whatsoever.

### COUNT VI – PLAINTIFF'S FCRA RETALIATION CLAIM

67. TPC Sawgrass incorporates herein the responses set forth above.

68. The allegations in Paragraph 68 state legal conclusions requiring no response.

69. TPC Sawgrass denies the allegations in Paragraph 69.

70. TPC Sawgrass denies the allegation in Paragraph 70.

71. TPC Sawgrass denies the allegations in Paragraph 71.

72. TPC Sawgrass admits terminating Plaintiff's employment. The remaining allegation in Paragraph 72 is a legal conclusion requiring no response.

73. TPC Sawgrass denies the allegations in Paragraph 73.

TPC Sawgrass denies that Plaintiff is entitled to any of the relief sought in WHEREFORE clause following Paragraph 73 of the Complaint, and further denies that Plaintiff is entitled to any relief whatsoever.

## COUNT VII – PLAINTIFF'S SECTION 1981 RACE DISCRIMINATION CLAIM

74. TPC Sawgrass incorporates herein the responses set forth above.

75. The allegation in Paragraph 75 is a legal conclusion requiring no response.

76. TPC Sawgrass denies the allegation in Paragraph 76.

77. TPC Sawgrass denies the allegations in Paragraph 77.

78. TPC Sawgrass denies the allegations in Paragraph 78.

79. TPC Sawgrass denies the allegations in Paragraph 79.

80. TPC Sawgrass denies the allegations in Paragraph 80.

TPC Sawgrass denies that Plaintiff is entitled to any of the relief sought in WHEREFORE clause following Paragraph 80 of the Complaint, and further denies that Plaintiff is entitled to any relief whatsoever.

## COUNT VIII – PLAINTIFF'S SECTION 1981 RETALIATION CLAIM

81. TPC Sawgrass incorporates herein the responses set forth above.

82. The allegation in Paragraph 82 is a legal conclusion requiring no response.

83. TPC Sawgrass denies the allegation in Paragraph 83.

84. TPC Sawgrass denies the allegation in Paragraph 84.

85. TPC Sawgrass denies the allegations in Paragraph 85.

86. TPC Sawgrass denies the allegations in Paragraph 86.

87. TPC Sawgrass denies the allegations in Paragraph 87.

88. TPC Sawgrass denies the allegations in Paragraph 88.

TPC Sawgrass denies that Plaintiff is entitled to any of the relief sought in WHEREFORE clause following Paragraph 88 of the Complaint, and further denies that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

### First Affirmative Defense

Some of Plaintiff's claims may be barred by the applicable statute of limitations.

### Second Affirmative Defense

To the extent that Plaintiff has failed to mitigate his damages, his entitlement to which is expressly denied, TPC Sawgrass is not responsible for those damages.

### Third Affirmative Defense

If TPC Sawgrass employees engaged in the discriminatory actions which Plaintiff has alleged, all of which are denied, such actions were outside the scope of employment and directly contrary to TPC Sawgrass's good-faith efforts to comply with all relevant federal and state employment laws.

### Fourth Affirmative Defense

None of TPC Sawgrass's actions with respect to Plaintiff's employment constitute malice or reckless indifference to Plaintiff's employment rights. Therefore, Plaintiff is not entitled to punitive damages.

### Fifth Affirmative Defense

TPC Sawgrass is entitled to a setoff for any payments made to or on behalf of Plaintiff by any statutory collateral source.

### Sixth Affirmative Defense

All actions taken with regard to Plaintiff were based on legitimate, non-discriminatory reasons, other than Plaintiff's alleged race, sex, or protected activity, and were without any discriminatory or retaliatory intent, purpose, or effect.

### Seventh Affirmative Defense

Plaintiff's claims do not satisfy the legal or factual prerequisites for compensatory or punitive damages, and any award for or recovery of compensatory or punitive damages against TPC Sawgrass would be in contravention of TPC

Sawgrass's constitutional rights under the United States Constitution and the Constitution for the State of Florida.

### Eighth Affirmative Defense

Plaintiff's claims are barred to the extent that Plaintiff failed to exhaust the administrative prerequisites for bringing such claims.

### Ninth Affirmative Defense

Plaintiff's claims are barred to the extent they are outside the scope of any Charge of Discrimination filed by Plaintiff with an appropriate administrative agency.

### Tenth Affirmative Defense

Any alleged emotional distress suffered by Plaintiff was caused by external factors and not by TPC Sawgrass.

### Eleventh Affirmative Defense

Plaintiff's claims and/or demands for relief are barred or are otherwise not actionable because of the after-acquired evidence doctrine.

### Twelfth Affirmative Defense

TPC Sawgrass exercised reasonable care to prevent and promptly correct any alleged harassing or discriminatory conduct. Plaintiff unreasonably failed to take advantage of the preventive or corrective opportunities provided by TPC Sawgrass or otherwise failed to take reasonable steps to avoid the alleged harm.

TPC Sawgrass intends to rely on all other provable defenses applicable to the facts of this action and reserves the right to raise additional defenses determined to be appropriate through discovery or otherwise.

Dated this day of December 1, 2025.

                                  MCGUIREWOODS LLP

                                  */s/ Thomas R. Brice*  
                                  Thomas R. Brice, Lead Counsel  
                                  Florida Bar No. 0018139  
                                  tbrice@mcguirewoods.com  
                                  Cameron G. Kynes  
                                  Florida Bar No. 0116711  
                                  ckynes@mcguirewoods.com  
                                  50 North Laura Street, Suite 3300  
                                  Jacksonville, Florida  32202  
                                  Telephone: (904) 798-2629  
                                  Facsimile:  (904) 360-6335  
                                  *Attorneys for Tournament Players Club at Sawgrass, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 1, 2025, a true copy of the foregoing was filed with the Court using the CM/ECF system, which will send notice to the following:

BRANDON J. HILL
Florida Bar Number: 0037061
Direct Dial: 813-337-7992
HANNAH E. DEBELLA
Florida Bar Number: 1026002
WENZEL FENTON CABASSA, P.A.
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com
Email: aketelsen@wfclaw.com
Email: hdebella@wfclaw.com
Counsel for Plaintiff